HELEN KNAPP, Plaintiff-Appellant, v. A.W. GALINSKI, Defendant-Appellee.

First District (3rd Division)   No. 1—91—2499

Opinion filed June 30, 1993.

Ambrose & Cushing, P.C., of Chicago (Thomas M. Cushing, of counsel), for appellant.

Gessler, Flynn, Fleischmann, Hughes & Socol, Ltd., of Chicago (David J. Pritchard, Jonathan A. Rothstein, and Laura C. Liu, of counsel), for appellee.

PRESIDING JUSTICE TULLY delivered the opinion of the court:

This medical malpractice case arises out of the allegedly negligent treatment of the plaintiff, Helen Knapp, by her podiatrist, the defendant, Dr. Adolph W. Galinski (Galinski). Knapp filed her original complaint against Galinski on April 30, 1985, and on April 11, 1991, during trial, she filed her third amended complaint, which alleged that Galinski was negligent in his surgical techniques and procedures, failed to properly advise Knapp before the surgery, and provided improper follow-up care after surgery. Over Knapp's objection, the trial court instructed the jury that Knapp had the burden of proving that she "did not know nor should she have known in the exercise of reasonable diligence, that she had sustained an injury and that the injury

was wrongfully caused by the defendant" more than two years before the date of filing the complaint. Additionally, the trial court instructed the jury in the issues instruction that Knapp claimed that she did not know nor reasonably should have known of her injury and its wrongful causation by Galinski more than two years before the date of the complaint. The trial court submitted to the jury a special interrogatory on this latter issue. The jury returned a general verdict in favor of Galinski as well as answering the special interrogatory in his favor. Knapp now appeals from the judgment to this court pursuant to Supreme Court Rule 301. 134 Ill. 2d R. 301.

On appeal, Knapp argues that the trial court erred in instructing the jury that she had the burden of proving that Galinski's statute of limitations defense should not bar her medical malpractice action.

For the reasons which follow, we affirm.

The genesis of this case is when on March 23, 1981, Knapp saw Galinski for treatment of bunions and hammertoes on her toes and feet. Later, surgery was performed by Galinski on May 20, 1981. This course of treatment continued up through February 13, 1982. According to Knapp, in October of 1984, Dr. David Touchton examined her feet and it was at that time that she first discovered that Galinski had negligently evaluated her condition and negligently fused several of her toes. In fact, he operated on all of her toes rather than, as she thought, just the first two on each foot, that is the big toe and the first toe. Thus, Knapp traces her subsequent foot problems to these actions of Galinski.

The statute of limitations for medical malpractice is found in section 13—212 of the Code of Civil Procedure (hereinafter section 13—212) (Ill. Rev. Stat. 1985, ch. 110, par. 13—212), which provides, in pertinent part, as follows:

> "No action for damages for injury or death against any physician, dentist, registered nurse or hospital duly licensed under the laws of this State, whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought more than 2 years after the date on which the claimant knew, or through the use of reasonable diligence should have known, or received notice in writing of the existence of the injury or death for which damages are sought in the action, whichever date occurs first, but in no event shall such action be brought more than 4 years after the date on which occurred the act or omission or occurrence alleged in such action to have been the cause of such injury or death except as provided in Section 13—215 of this Act."

In the case *sub judice*, Knapp's treatment by Galinski ended on February 13, 1982, and she did not file her cause of action until April 30, 1985, more than two years after the last treatment but less than four years from the treatment date and, therefore, she must fall within the "discovery rule" exception to the statute of limitations if she is to recover. (*Witherell v. Weimer* (1981), 85 Ill. 2d 146, 421 N.E.2d 869.) "The discovery rule as applied to medical malpractice actions means the cause of action does not accrue in the sense of triggering the statute of limitations until a person *** knows or reasonably should know that it was wrongfully caused. [Citation.] At that point the burden is on the injured person to inquire further as to the existence of a cause of action. [Citation.] If the time at which an injured party knows or reasonably should have known both of his injury and that it was wrongfully caused is a disputed question, it is to be resolved by the finder of fact." *Blair v. Blondis* (1987), 160 Ill. App. 3d 184, 188-89, 513 N.E.2d 157.

Thus, as a plaintiff ostensibly falling within the discovery rule, Knapp bears "[the] burden of proving the date of discovery when seeking to come within the 'discovery' exception to the statute of limitations." (*Blair*, 160 Ill. App. 3d at 188; see also *Society of Mount Carmel v. Fox* (1980), 90 Ill. App. 3d 537, 413 N.E.2d 480.) Consequently, the trial court's instructions to the jury were an altogether fitting and correct statement of the law. Thus, it follows that the special interrogatory was proper in this circumstance as well. Therefore, the trial court committed no error. Moreover, while not raised as an issue by the parties, our review of the record on appeal convinces us that there was sufficient evidence presented at trial from which the jury could have reasonably concluded that Knapp's claim was untimely as she did discover or reasonably should have discovered the injury at issue in this case on or prior to April 29, 1983, a date two years and one day prior to the filing of her complaint.

Accordingly, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

RIZZI and GREIMAN, JJ., concur.